Filed 1/22/16  P. v. Love CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042233 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. B1470615) |
| v. | |
| MICHAEL LAMAR LOVE, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Defendant Michael Lamar Love pleaded no contest to assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and admitted the allegation that he had one prior conviction for a serious or violent felony that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12)  After striking the prior conviction in the interest of justice (§ 1385), the trial court imposed a term of two years in the state prison.

Defendant filed a timely notice of appeal, and we appointed counsel to represent him in this court.  Appointed counsel has filed an opening brief that states the case and facts but raises no issue.  We notified defendant of his right to submit written argument

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

on his own behalf within 30 days.  The 30-day period has elapsed and we have received no response from defendant.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have reviewed the entire record.  Following the California Supreme Court's direction in *Kelly*, *supra*, at page 110, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."

## II.  FACTUAL BACKGROUND

Since no preliminary hearing was conducted in this case, our description of the facts of the instant offense is taken from the probation report.

On the morning of January 14, 2014, the victim, Kenneth Larry Cordova, arrived for work at the Armory homeless shelter in Sunnyvale.  Defendant was present at the shelter and an altercation then occurred between defendant and Cordova.  During the altercation, defendant approached Cordova from behind and struck him in the face twice with a closed fist.  Cordova fell down and defendant kicked or punched him while he was on the floor.  Defendant then fled the scene.

Cordova was injured in the altercation with defendant.  An emergency room physician advised police officers that Cordova had sustained a sinus fracture and a fracture above his right eye.  Cordova also received multiple sutures to his upper lip.

## III.  PROCEDURAL BACKGROUND

The complaint filed in January 2014 charged defendant with assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 1) and alleged that defendant had one prior conviction for a serious or violent felony that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) and one prior conviction for a serious felony (§ 667, subd. (a)).

On September 16, 2014, defendant entered into a plea agreement in which he pleaded no contest to count 1 and admitted that he had a prior strike conviction, in

2

exchange for a maximum sentence of four years. The prosecutor dismissed the allegation that defendant had a prior serious felony conviction.

At the sentencing hearing held on January 29, 2015, the trial court heard argument on defendant's motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and dismissed the prior strike conviction in the interest of justice. The trial court then sentenced defendant to the lower term of two years on count 1.

Additionally, the trial court ordered defendant to pay a $600 restitution fine (§ 1202.4) and suspended the imposition of a $600 parole revocation restitution fine (§ 1202.45). The court also ordered payment of a court security fee of $40 (§ 1465.8), a criminal conviction assessment fee of $30 (Gov. Code, § 70373), and a criminal justice administration fee of $129.75 payable to the City of Sunnyvale (Gov. Code, § 29550.1).

## IV. *WENDE* ANALYSIS

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## V. DISPOSITION

The judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MIHARA, J.